## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: CYMBALTA (DULOXETINE)
PRODUCTS LIABILITY LITIGATION  MDL No. 2576

## ORDER DENYING TRANSFER

**Before the Panel**:[*] Plaintiffs in the 25 actions listed on the attached Schedule A move under 28 U.S.C. § 1407 to centralize those actions in the Central District of California, or, in the alternative, the Western District of Wisconsin, the Southern District of California, or the District of Oregon.[1] Plaintiffs in three potential tag-along actions, two in the Eastern District of Missouri, and one in the Northern District of California, support centralization in the Central District of California. Common defendant Eli Lilly and Company (Lilly) opposes centralization. If the Panel orders centralization over its objections, then Lilly favors centralization in the Middle District of Florida, the Northern District of Ohio, or the Northern District of Georgia.

The actions in this docket are highly similar. Plaintiffs allege that they suffered a variety of withdrawal symptoms after discontinuing use of Cymbalta, a Lilly prescription drug used to treat depression, generalized anxiety disorder, diabetic peripheral neuropathic pain, fibromyalgia, and chronic musculoskeletal pain. Plaintiffs contend that the label for Cymbalta fails to adequately warn of the risk of such symptoms, and that Lilly's promotional campaigns for the drug have overstated its efficacy while understating, downplaying, or failing altogether to state its withdrawal side effects.

On the basis of the papers filed and the hearing session held, we deny plaintiffs' motion. Unquestionably, these actions share factual issues concerning Cymbalta's development, marketing, labeling, and sale. Nevertheless, we are not convinced that centralization under Section 1407 is warranted in these circumstances. First, the procedural posture of the actions varies significantly. The three earliest-filed cases were commenced between April and June 2013, and the other 22 actions were commenced in August 2014. In the two earliest-filed Central District of California actions (*Hexum* and *Herrera*), the discovery cutoff is December 13, 2014. In the District of Arizona

---

[*] Judge Charles R. Breyer and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] As filed, the Section 1407 motion included an additional action in the Central District of California, as well as one in the Southern District of New York. Plaintiff in that California action voluntarily dismissed the case with prejudice in September 2014, and the judge in the New York action recently granted Lilly's motion for summary judgment on all claims. *See McDowell v. Eli Lilly & Co.*, — F. Supp. 2d —, 2014 WL 5801604 (S.D.N.Y. Nov. 7, 2014). To date, the Panel has been informed of 21 additional related federal actions.

-2-

*Seagroves* action, the cutoff is December 12, 2014.[2] In contrast, the more recently-filed actions are still in their infancy. *See, e.g., In re: Lloyds Bank plc Int'l Mortg. Serv. Loan Litig.*, 997 F. Supp. 2d 1352, 1353 (J.P.M.L. 2014) (denying centralization, in part because of the "widely varying procedural postures" of the subject actions).

Second, and relatedly, the record shows that most, if not all, of the common discovery has already taken place in those earlier-filed actions. Indeed, Lilly represents that it already has produced corporate representatives for Rule 30(b)(6) depositions in the areas of drug safety, sales training and labeling. Lily also states that it has produced to plaintiffs' counsel nearly two million pages of documents. Although moving plaintiffs dispute the adequacy of Lilly's production, there is no doubt that the discovery that has occurred to date has been substantial.

Third, only a limited number of plaintiffs' counsel are involved in these cases. In fact, just two firms represent plaintiffs in all the constituent actions, and Lilly is represented in all actions by a single law firm. This overlap suggests that informal coordination with respect to the remaining common discovery, as well as other pretrial matters, should be practicable.[3] *See In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 2d 242, 244 (J.P.M.L. 1978).

For all the above reasons, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell     Lewis A. Kaplan
R. David Proctor     Catherine D. Perry

---

[2] In the dismissed Southern District of New York action referenced in footnote 1, discovery closed in June 2014.

[3] In its brief, Lilly states that it will not oppose the use, in the same manner, of documents that it already produced in the earlier-filed Cymbalta actions in any of the other related cases.

IN RE: CYMBALTA (DULOXETINE)
PRODUCTS LIABILITY LITIGATION                     MDL No. 2576

## SCHEDULE A

    District of Arizona

SEAGROVES, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:13-01183

    Central District of California

HEXUM, ET AL. v. ELI LILLY AND COMPANY, ET AL., C.A. No. 2:13-02701
HERRERA, ET AL. v. ELI LILLY AND COMPANY, ET AL., C.A. No. 2:13-02702
CAPORALE, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-01662
HOLLOWELL, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-01663
BARRETT, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-01675
O'SHEA, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 8:14-01274

    Eastern District of California

CHESHIER v. ELI LILLY AND COMPANY, C.A. No. 1:14-01265
WOODRUFF, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-01890

    Southern District of California

WHEELER, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 3:14-01882

    District of Colorado

CHENEY, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:14-02249

    Middle District of Florida

LAICA-BHOGE, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 6:14-01286

    Southern District of Florida

GOLLIN, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 0:14-61810

- A2 -

**MDL No. 2576 Schedule A (Continued)**

      Northern District of Georgia

COUCH v. ELI LILLY AND COMPANY, ET AL., C.A. No. 1:14-02564

      Western District of Louisiana

FAIRBANKS v. ELI LILLY & CO., ET AL., C.A. No. 1:14-02469

      District of Maryland

BOLING, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 8:14-02554

      District of Minnesota

MCCABE v. ELI LILLY & COMPANY, ET AL., C.A. No. 0:14-03132

      Eastern District of North Carolina

WHITWORTH, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-00459
WILLIAMS, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-00460

      Middle District of North Carolina

HARRIS v. ELI LILLY AND COMPANY, ET AL., C.A. No. 1:14-00682

      Northern District of Ohio

MAYES v. ELI LILLY AND COMPANY, C.A. No. 4:14-01759

      District of Oregon

LOUX, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 3:14-01287

      Western District of Pennsylvania

ROSSERO, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-01084

      Eastern District of Washington

WAGNER, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-00270

- A3 -

**MDL No. 2576 Schedule A (Continued)**

<u>Western District of Wisconsin</u>

STREETER v. ELI LILLY AND COMPANY, C.A. No. 3:14-00555