# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEATHER LAICA-BHOGE and**
**ALBERTO BHOGE,**

        **Plaintiffs,**

**v.**                                                     **Case No:   6:14-cv-1286-Orl-41KRS**

**ELI LILLY AND COMPANY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER (Doc. No. 53)** |
| **FILED:** | **December 22, 2015** |

The Stipulated Protective Order for which the parties seek Court endorsement is not narrowly tailored.  *See, e.g., Lockheed Martin Corp. v. The Boeing* Company, No. 6:03-cv-796-Orl-28KRS, 2005 WL 5278461 (M.D. Fla. Jan. 26, 2005).  Also, I note that the Stipulated Protective Order may conflict with orders of the Court, including the time for serving privilege logs and the deadlines in the Case Management and Scheduling Order.  *See, e.g.,* Standing Order on Privilege Logs, www.flmd.uscourts.gov – Judicial Info – Magistrate Judge Spaulding – Standing Orders.   Accordingly, the motion is **DENIED**.

The Case Management and Scheduling Order in this case specifically provides as follows:

> The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement.   The Court discourages

unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements.

Doc. No. 42, at 3-4.   If the parties wish an order under Federal Rule of Evidence 502(d), they may

file a motion for entry of such an order.

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE